FILED
2009 Jun-04 PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SARITA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. 09-RRA-549-NW |
| ) | |
| LOWES HOME CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING ORDER

This order is entered under *Federal Rules of Civil Procedure* 16(b) based on the parties' report of planning meeting. This order supersedes any prior orders and governs further proceedings in this action unless modified for good cause shown.

**I. Pleadings and Parties**: Any motions to amend the pleadings or to join parties by plaintiff or defendant **must be filed within 30 days of receipt of initial responses to Interrogatories and Request for Production**.

**II**. **Dispositive Motions**: All potentially dispositive motions must be filed by **August 16, 2010**.

**NOTICE TO ATTORNEYS**:

*Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Exhibit "A", attached hereto and made a part of this order as if fully set out herein*.

**III**. **Expert Testimony**: Unless modified by stipulation of the parties, the disclosures of expert witnesses -- including a complete report under *Federal Rules of Civil Procedure* 26(a)(2)(B) from any specially retained or employed expert -- are due:

From plaintiff(s):   by **April 2, 2010**
                     Expert made available for deposition no later than May 3, 2010,
From defendant(s):   by **June 2, 2010**
                     Expert made available for deposition no later than July 2, 2010.

**IV. Discovery Limitations and Cutoff**:

(a) Unless modified by stipulation of the parties:

|  |  |  |
|---|---|---|
| Depositions: | Max. __10__ | per side, maximum 7 hours per deposition; |
| Interrogatories: | Max. __25__ | by any party directed to any party, |
| Doc. Requests: | Max. __40__ | by any party directed to any party, |
| Rule 36 Req.: | Max. __25__ | by any party directed to any party, |
| Responses: | Due __30__ | days after service. |

(b) Unless modified by court order for good cause shown:

**Supplementation**: Supplementation of disclosures and discovery under *Federal Rules of Civil Procedure* (26(e) due by **30 days prior close of discovery**

**Deadline**: All discovery must be commenced in time to be completed by **July 2, 2010.**

V. **Additional Conference(s)**: to be scheduled after **Pretrial conference September, 2010.**

VI. **Final Lists**: Lists of trial witnesses, exhibits, and objections under *Federal Rules of Civil Procedure* 26(a)(3) must be served and filed as follows:

**Witnesses:**   by **30 days prior trial**
**Exhibits**:   by **30 days prior trial**
**Objections**:   within fifteen (15) days after receiving list.

VII. **Trial**: The parties shall be ready for trial to be scheduled after **October, 2010.**

VIII. **Additional Orders**:

**Motion(s) of Counsel to Withdraw**: A motion to withdraw must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within ten (10) calendar days of the date of notification.

**Submissions on Computer Disk**: Except as provided in Appendix I, attached hereto, for any filings or submissions of five (5) pages or longer, in addition to the paper copy, the court requests that it be provided with a computer disk version, submitted to the court in chambers, recorded on a three and one-half inch floppy disk, formatted in any version of Word Perfect for Windows.[1] **The plaintiff shall immediately forward to the court a Word Perfect for Windows version of the most recent complaint, and continue to provide the court with electronic versions of amended complaints as**

---

[1] This does NOT include documents that are not created on a computer or word processor, such as photocopies of documentary evidence.

**they are filed.**

**Marking of Exhibits**: Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall pre-mark its exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. By the time of trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial will not ordinarily be interrupted for opposing counsel to examine a document that has been so marked and made available for inspection.

**Medical authorization:** Counsel for all parties are granted the right to inspect and copy all hospital and medical records relating to the medical care, treatment, diagnosis, condition, and history of together with the right to interview, in person or otherwise, all physicians, administrators, and other personnel in connection therewith. A copy of this corder shall constitute sufficient authority for such inspection, copying, or interview. A party claiming damages for his or her own personal injuries shall submit, if requested by counsel for an opposing party, to a medical examination by a physician selected by, and compensated by, such opposing party; but counsel for the injured party shall be furnished with a copy of any reports of such examination and may depose or interview the examining physician.

**Dispositive Motions:** The parties shall comply with the summary judgment procedures outlined in Appendix I. The failure of any party to respond to any dispositive motion within the time allowed will be deemed a consent to the granting of that motion, and a confessing of the issues contained therein.

The Clerk is DIRECTED to serve a copy of this order and the attached form on all parties.

So ORDERED this the 4th day of June, 2009.

*Robert R. Armstrong*
Robert R. Armstrong, Jr.
United States Magistrate Judge

# APPENDIX I
## SUMMARY JUDGMENT REQUIREMENTS

> **NOTICE**
> This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

### SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

**A.    Format**

Initial and response briefs are limited to thirty pages. Reply briefs are limited to ten pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

**B.    Number Submitted**

The parties must **file** the original brief with the Clerk of Court. The parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the original, clearly identified as a "courtesy copy," together with

a virus-free diskette containing an electronic copy of the brief in WordPerfect format. The parties also shall e-mail to the court's chambers such brief in WordPerfect format. The court's email address is:

armstrong_chambers@alnd.uscourts.gov

**C.    Binding**

The Clerk *will not accept bound materials* for filing, but the court's "courtesy copy" of the brief *must be securely bound* (e.g. by staple, three-ring binder, or spiral bound, as appropriate) for ease of use, *and*, to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

**D.    Manner of Stating Facts**

All briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions.

    **1.    Moving Party's Initial Statement of Facts**

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must

be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.[2]

### 2. Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

#### a. Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately* numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

---

[2] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

### b. Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[3] The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

### c. Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[4]

### 3. Moving Party's Reply

---

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph..

[4] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not

specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate the line number.

**A.     Organization**

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[5]  **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

**B.     Number of Sets Submitted**

The parties must **file** one set of evidentiary materials with the Clerk of Court. The parties must simultaneously **submit** to the Clerk of Court, for delivery to the court's chambers by the Clerk, an exact copy of the set of evidentiary materials, clearly

---

[5] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

identified as a "courtesy copy." Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy."

**C.     Binding**

The Clerk *will not accept bound materials* for filing, but the court's copy of the evidentiary submission *must be securely bound* (e.g. by staple, three-ring binder, or spiral bound, as appropriate) — in separately numbered volumes, if necessary — for ease of use and to prevent inadvertent loss of pages.